UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cv-20458-RNS

FERNANDO M. COIPEL and his
Wife, IDA COIPEL,

    Plaintiffs,

vs.

JOHN CARPENTER, HAROLD
JAMES, KENYA CROCKER,
ROSHAN MILLIGAN and ANGEL
MERCADO, individually, and THE
CITY OF MIAMI, a municipal
Corporation,

    Defendants.
_____/

## DEFENDANT, KENYA CROCKER'S, MOTION TO DISMISS COUNT IX AND INCORPORATED MEMORANDUM OF LAW

Defendant, KENYA CROCKER, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and Southern District of Florida Local Rule 7.1, hereby files this Motion to Dismiss Count IX of Plaintiffs' Complaint and Incorporated Memorandum of Law, and states:

1. This is a purported civil rights action arising from Plaintiff, FERNANDO M. COIPEL's, arrest. Count IX[1], a claim by the arrestee's wife, IDA COIPEL, should be dismissed for various reasons. To the extent Plaintiff, IDA COIPEL, is asserting a § 1983 claim, there is no recognized cause of action for loss of consortium and Crocker would be entitled to qualified immunity. The allegations further violate the pleading standard and fail to state a claim under state law.

---

[1] This Defendant filed an answer for the three (3) counts alleged specifically by Plaintiff, FERNANDO M. COIPEL.

2. Count IX is unclear as its caption pleads both a state law tort for loss of consortium on behalf of Ida Coipel and a separate § 1983 claim. As a threshold matter, the count impermissibly co-mingles different theories of liability against multiple defendants. *See Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996). This is not permitted under Rule 10, which requires a plaintiff to "state its claims… in numbered paragraphs, each limited as far as practicable to a single set of circumstances… If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count." *Id*. (citing Fed. R. Civ. P. 10). Dismissal of Count IX is warranted for failure to comply with the pleading standards.

3. The plain language of § 1983 imposes liability only for conduct that deprives a complainant of a right secured by the United States Constitution or federal law. *Pattee v. Georgia Ports Auth.*, 477 F. Supp. 2d 1272, 1276 (S.D. Ga. 2007); *Bratt v. Genovese*, 2014 WL 6832644, at *4 (M.D. Fla. 2014). It does not authorize liability to the spouse of person whose constitutional rights have been violated because the spouse did not personally suffer from a constitutional deprivation. *Id*. The only remedy available is a state tort claim brought alongside the § 1983 claims. As such, the loss of consortium claim in Count IX, pursuant to 42 U.S.C. § 1983, must be dismissed as a matter of law.

4. Although there is a legally recognized cause of action under state law for loss of consortium alongside § 1983 claims, Plaintiffs' state law claim must nonetheless be dismissed for failure to comply with the pleading requirements. To maintain a claim for loss of consortium, the Plaintiffs must allege sufficient facts that plausibly suggest Fernando Coipel suffered permanent injuries as a result of his arrest that have affected "the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in

every conjugal relation." *Gates v. Foley*, 247 So. 2d 40, 43 (Fla. 1971) (citing *Lithgow v. Hamilton*, 69 So. 2d 776 (Fla. 1954)); *McDaniel v. Prysi*, 432 So. 2d 174, 175 (Fla. 2d DCA 1983)); *Woods v. Paradis*, 380 F. Supp. 2d 1316, 1331 (S.D. Fla. 2005). However, the Complaint is wholly devoid of any factual allegations supporting an impairment of the martial relationship as a result of Fernando Coipel's alleged constitutional deprivations. Under these threadbare allegations as to Ida's claim, Crocker is entitled to statutory immunity under Fla. Stat. § 768.28(9)(a). Count IX should therefore be dismissed as a matter of law for failure to state a cause of action.

5. More importantly, Officer Crocker would otherwise be entitled to qualified immunity on any claim brought by Ida Coipel pursuant to 42 U.S.C. § 1983. There is no case from the Eleventh Circuit specifically settling whether a loss of consortium claim may survive if the tortiously injured spouse has claims under 42 U.S.C. § 1983 only. *Crawford v. City of Tampa*, 397 Fed. Appx. 621, 624 (11th Cir. 2010). Therefore, assuming there was a federal violation of Ida Coipel's rights, under *Hope v. Pelzer*, the law was not clearly established to provide Officer Crocker "fair notice". 536 U.S. 730, 739 (2002). No claim of constitutional liability by Ida Coipel against Officer Crocker can withstand dismissal.

## MEMORANDUM OF LAW

### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be

granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

As a preliminary matter, Count IX must be dismissed for impermissibly co-mingling two separate causes of action against multiple defendants in one count. Federal Rule of Civil Procedure 10(b) further requires a plaintiff to "state its claims… in numbered paragraphs, each limited as far as practicable to a single set of circumstances… If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count." Count IX impermissibly co-mingles two distinct causes of action against multiple defendants without specifying what actions by each particular defendant allegedly gives rise to liability, amounting to shotgun pleading. *See Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

I.  **NO CAUSE OF ACTION FOR LOSS OF CONSORTIUM EXISTS UNDER 42 U.S.C. § 1983 AND PLAINTIFFS HAVE FAILED TO PLEAD ANY FACTS SUPPORTING A STATE LAW CLAIM**

A claim for loss of consortium is derivative-that is, it is actionable only if the plaintiff can demonstrate that the defendant is liable to his or her spouse in tort. *Bratt v. Genovese*, 2014 WL 6832644, at *4 (M.D. Fla. 2014) (citing *Gates v.* Foley, 247 So. 2d 40, 45 (Fla. 1971)). "'The plain words of § 1983 impose liability only for conduct which subjects, or causes to be subjected, the complainant to the deprivation of a right secured to him by the Constitution and laws of the United States.'" *Pattee v. Georgia Ports Auth.*, 477 F. Supp. 2d 1272, 1276 (S.D. Ga. 2007) (quoting *Jenkins v. Carruth,* 583 F. Supp. 613, 616 (E.D. Tenn. 1982)). Thus, the spouse of a person whose constitutional rights have been violated cannot maintain a cause of action for loss of consortium *under* § 1983. *Id*. at 1276-77 (quoting *Niehus v. Liberio*, 973 F.2d 526, 532 (7th Cir. 1992)). The only cause of action available to the spouse of a plaintiff whose constitutional rights have been violated is a state law claim for loss of consortium. *Bratt*, 2014 WL 6832644, at *4. The § 1983 claim in Count IX must therefore be dismissed as a matter of law for failure to state a cause of action.

Although there is a legally recognized cause of action for loss of consortium under Florida law, Plaintiffs' state law claim must nonetheless be dismissed for failure to allege any facts supporting the cause of action. *Twombly*, 550 U.S. at 570. To maintain a claim for loss of consortium, the Plaintiffs must allege sufficient facts that plausibly suggest Fernando Coipel suffered permanent injuries as a result of his arrest that have affected "the companionship and fellowship of husband and wife and the right of each to the company, cooperation and aid of the other in every conjugal relation." *Gates v. Foley*, 247 So. 2d 40, 43 (Fla. 1971) (citing *Lithgow v. Hamilton*, 69 So. 2d 776 (Fla. 1954)); *McDaniel v. Prysi*, 432 So. 2d 174, 175 (Fla. 2d DCA 1983)); *Woods v. Paradis*, 380 F. Supp. 2d 1316, 1331 (S.D. Fla. 2005).

The Plaintiffs' Complaint is wholly devoid of *any* factual allegation that supports a claim that Ida Coipel suffered a loss of consortium. *See generally* [D.E. #1]. Beyond one conclusory statement in Count IX that "[a]s a direct and proximate result of the Defendant's actions, Plaintiff, Ida Coipel, has and will suffer the loss of her husband's services, consortium, and the care and comfort of his society" no mention is made of how Fernando Coipel's alleged injuries affected his marriage. [D.E. #1 at ¶ 71]. Such a formulaic, unadorned, the defendant-unlawfully-harmed-me accusation is inadequate to state a cause of action. *Iqbal*, 556 U.S. at 678. It is not enough for Fernando Coipel to simply allege that he was injured by a third party and that his wife should be compensated for loss of consortium as a result of his injuries; the loss of consortium claim requires separate proof. *Propst v. Neily*, 467 So. 2d 398, 399 (Fla. 4th DCA 1985); *Peterson v. Sun State Intern. Trucks, LLC*, 56 So. 3d 840, 842 (Fla. 2d DCA 2011). Plaintiffs' failure to plead any facts supporting an impairment of the marital relationship violates the pleading standards of Rule 8. *See* Fed. R. Civ. P. 8. Given the limited allegations relating to Ida Coipel, Officer Crocker would also be entitled to statutory immunity pursuant to Fla. Stat. § 768.28(9)(a). The state law claim for loss of consortium in Count IX should therefore be dismissed as a matter of law.

More importantly, Officer Crocker is otherwise entitled to qualified immunity on any claim brought pursuant to 42 U.S.C. § 1983 by Ida Coipel. There is no case from the Eleventh Circuit specifically settling whether a loss of consortium claim may survive if the tortiously injured spouse has claims under 42 U.S.C. § 1983 only. *Crawford v. City of Tampa*, 397 Fed. Appx. 621, 624 (11th Cir. 2010). Therefore, assuming there was a federal violation of Ida Coipel's rights, under *Hope v. Pelzer*, the law was not clearly established to provide Officer Crocker "fair notice". 536 U.S. 730, 739 (2002). No claim of constitutional liability by Ida

Coipel against Officer Crocker can withstand dismissal. Count IX must therefore be dismissed as a matter of law.

WHEREFORE, the Defendant, KENYA CROCKER, respectfully requests this Court grant her Motion to Dismiss Count IX and Incorporated Memorandum of Law, and any other relief deemed appropriate.

I hereby certify that on this 3rd day of May, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MARRERO & WYDLER
        Attorneys for Defendant Crocker
        Douglas Centre, PH-4
        2600 Douglas Road
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

        BY _/s/ Oscar E. Marrero_____
         OSCAR E. MARRERO
         F.B.: 372714
         oem@marrerolegal.com
         LOURDES E. WYDLER
         F.B.: 719811
         lew@marrerolegal.com
         ALEXANDRA C. HAYES
         F.B.: 109482
         ach@marrerolegal.com

*Coipel v. Carpenter, et al.*
*District Court Case No.:  1:16-cv-20458-RNS*
*Page 8*

**SERVICE LIST**
**1:16-cv-20458-RNS**

Franchesca Marrero-Rodriguez, Esq.
J. P. Gonzalez-Sirgo, P.A.
804 Douglas Road, Suite 373
Coral Gables, FL 33134
(305) 461-1095
Franchesca@yourattorneys.com
*Counsel for Plaintiff*

Douglas A. Harrison, Esq.
Miami City Attorney's Office
444 S.W. 2nd Avenue, #945
Miami, FL 33130
(305) 416-1813
(305) 416-1801
daharrison@miamigov.com
*Counsel for Defendant City of Miami*