UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 16-20458-CIV-RNS

FERNANDO M. COIPEL AND HIS
WIFE, IDA COIPEL,

    Plaintiffs

vs.

JOHN CARPENTER, HAROLD
JAMES, KENYA CROCKER, ROSHAN
MILLIGAN, and ANGEL MERCADO,
INDIVIDUALLY, and THE CITY OF
MIAMI,

    Defendants.
_____/

## DEFENDANT, ROSHAN MILLIGAN'S AND DEFENDANT ANGEL MERCADO'S MOTION TO DISMISS COUNTS I AND IX

Defendant, Roshan Milligan and Defendant, Angel Mercado, hereby move to dismiss Counts I and IX against them pursuant to Federal Rule of Civil Procedure 12(b) for failure to state a claim and because both have qualified immunity against the claims alleged. In support, Milligan and Mercado state as follows:

### INTRODUCTION

This is an action for false arrest and imprisonment pursuant to 42 U.S.C. § 1983. In attempting to assert their claims, however, the Plaintiffs have cast too wide a net. Based upon the allegations of the complaint, Officers Roshan Milligan and Angel Mercado were just part of the team involved in the underlying drug interdiction that led to Fernando Coipel's arrest. As the Complaint reflects, they were merely in the area at the time. There are <u>no allegations</u> at all against Milligan. And the only allegations against Mercado do not support liability under

WEISS SEROTA HELFMAN COLE & BIERMAN

Section 1983. Consequently, the Court should dismiss the claims asserted by Mr. Coipel in Count I against Milligan and Mercado.

In addition, as articulated by Officer Kenya Crocker's Motion to Dismiss Count IX (D.E. 29) and Sergeant John Carpenter's Motion to Dismiss Count IX (D.E. 35), Ida Coipel has no recognized cause of action against any police officer, including Milligan and Mercado, under Section 1983. Further, she has not stated a state law tort claim for a loss of consortium. Milligan and Mercado, moreover, are entitled to qualified immunity concerning her loss of consortium claim. As a result, the Court should dismiss Mrs. Coipel's claims in Count IX against Milligan and Mercado.[1]

## RELEVANT ALLEGATIONS

In their Complaint, the Plaintiffs allege that Mr. Coipel was arrested and falsely imprisoned by various officers with the City's police department (D.E.1 at pp.1-2). Nowhere in the Complaint do the Plaintiffs allege what Milligan supposedly did with respect to the arrest and subsequent imprisonment of Mr. Coipel.

The complaint alleged that Mercado signed an arrest affidavit and engaged in a discussion with Mr. Coipel's daughter concerning potential consequences for allowing an apartment building to operate as a drug haven. (D.E. 1 at ¶¶ 37 and 38).

These minimal allegations against Milligan and Mercado are insufficient to support liability against either of them.

---

[1] The only claims against Milligan and Mercado are in Counts I and IX.

W<small>EISS</small> S<small>EROTA</small> H<small>ELFMAN</small> C<small>OLE</small> & B<small>IERMAN</small>

**ARGUMENT**

**I.      Standards**

The standards applicable to a motion to dismiss are articulated by *Amato v. Cardelle*, 56 F. Supp. 3d 1332 (S.D. Fla. 2014):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Although this pleading standard does not require detailed factual allegations, it demands more than unadorned, the defendant-unlawfully-harmed-me accusations. Pleadings must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Indeed, only a complaint that states a plausible claim for relief survives a motion to dismiss. To meet this plausibility standard, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true.

*Id.* at 1333-34 (collecting cases; internal citation and quotation omitted).

In addition, there is a heightened pleading standard for Section 1983 claims against individual officers in the Eleventh Circuit. *Amnesty Intern., USA v. Battle*, 559 F.3d 1170, 1179 (11th Cir. 2009) ("This court has established a heightened pleading standard applicable to § 1983 actions."); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) ("In pleading a section 1983 action, some factual detail is necessary, especially if we are to be able to see that the allegedly violated right was clearly established when the allegedly wrongful acts occurred"). The reason for the heightened pleading standard for claims against individuals is to permit the Court to make a determination concerning qualified immunity. *Battle*, 559 F.3d at 1179.

Applying these standards to the instant case, it is clear that no cause of action has been stated against either Milligan or Mercado.

## II. The Plaintiff Failed To State A Claim Under Count I for §1983 Liability Against Milligan and Mercado.

Based upon the sparse allegations contained in Count I, it appears that the "Plaintiff," who is not defined,[2] views Section 1983 as a basis for liability in and of itself. That is not correct—there must be some underlying cause of action supporting liability. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."). Based upon the title of Count I, presumably the underlying claims against Milligan and Mercado are false arrest and imprisonment.

The Plaintiffs have failed to state a cause of action against Milligan and Mercado for false arrest and imprisonment. "A false arrest claim under § 1983 is substantially the same as a claim for false arrest under Florida law." *Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1409 (S.D. Fla. 2014) (*citing Tracton v. City of Miami Beach*, 616 So.2d 457 (Fla. 3d DCA 1992)). "A plaintiff must prove three elements to sustain a claim for false arrest under Florida law: (1) an unlawful detention and deprivation of liberty against the plaintiff's will; (2) an unreasonable detention which is not warranted by the circumstances and (3) an intentional detention." *Id*.

The elements for false imprisonment are similar. "To state a cause of action for false imprisonment, a plaintiff must allege: 1) the unlawful detention and deprivation of liberty of a person; 2) against that person's will; 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances." *Harder v. Edwards*, 174 So.3d 524, 531 (Fla. 4th DCA 2015).

---

[2] Whether the 'Plaintiff' in Count I is Fernando Coipel or Ida Coipel makes little difference. The allegations against Milligan and Mercado are insufficient to state a claim regardless of who the 'Plaintiff' is in Count I.

Milligan

With respect to both of these claims, there are no allegations against Milligan that support any of the required elements. Milligan is not alleged to have unlawfully detained anyone against their will. He is not alleged to have intentionally detained anyone or to have had any role whatsoever in the alleged arrest and imprisonment of Mr. Coipel. Simply stated, the Plaintiffs have not pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Amato*, 56 F. Supp. 3d at 1334. For these reasons, Count I should be dismissed against Milligan.

Mercado

Similarly, there are no allegations against Mercado upon which the Court can conclude that he could be liable for false arrest or false imprisonment. Mercado is not alleged to have participated in Mr. Coipel's arrest at all. At most, he is alleged to have signed an arrest affidavit without having witnessed the events supporting charges against Fernando Coipel. D.E. 1 at ¶ 38. Alleging that Mercado had a discussion with Mr. Coipel's daughter has nothing to do with proving false arrest and false imprisonment. (D.E. 1 at ¶37.) There are no other allegations concerning Mercado supporting false arrest and imprisonment.

Merely signing an arrest affidavit, without more, will not support liability for false arrest or false imprisonment. It is well established that "a peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *Pierson v. Ray*, 386 U.S. 547, 555 (1967). This appears to be the entire substance of the Plaintiffs' allegations against Mercado, i.e., that he signed an arrest affidavit, but the criminal charges were later resolved in Mr. Coipel's favor. There is not even an allegation against Mercado that the arrest affidavit lacked probable cause.

Indeed, based upon the allegations, Mr. Coipel was <u>already</u> under arrest and imprisoned at the time that Mercado signed the arrest affidavit. D.E. 1 at ¶38 ("Officer Mercado signed the arrest affidavit . . . without having witnessed any of the events supporting the charges filed against Mr. Coipel.") Mercado's mere act of signing an arrest affidavit is insufficient to establish that he is liable for an intentional, unlawful detention of Mr. Coipel that was unreasonable and unwarranted by the circumstances.

Even if Mercado's affidavit contained a false statement, that is not enough. The false statement must also be a deliberate or reckless act on the part of the officer. *Kingsland v. City of Miami*, 382 F.3d 1220, 1233 (11th Cir.2004); *Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994) (limiting liability to "cases of perjurious or recklessly false statements or omissions made by a police officer in support of a warrant; the rule does not apply to *negligent* misrepresentations or omissions." (emphasis in original)).

Finally, there are no allegations that Mercado was the proximate cause of Mr. Coipel's detention, unlawful or not. *Cf. Pokorny v. First Fed. Sav. & Loan Ass'n of Largo*, 382 So.2d 678, 681 (Fla.1980) ("Those who proximately cause the false arrest, either directly or by indirect procurement, can be held liable."). Because Mercado is not alleged to have been involved in the arrest or imprisonment of Mr. Coipel, the Plaintiffs cannot maintain their claims against him.

### III.  Milligan And Mercado Are Entitled To Qualified Immunity.

Based on the allegations in the Complaint, both Milligan and Mercado are entitled to qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wood v. Kesler*, 323 F.3d 872, 877 (11th Cir. 2003). "The purpose of this immunity is to allow government officials

to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Id.* (*quoting Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir.2002)).

Qualified immunity is analyzed using a two-part test. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether the plaintiff's allegations, if true, establish a constitutional violation." *Id.* at 878 (*quoting Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 2513, (2002)). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* If violation of a constitutional right is alleged, however, then "the next, sequential step is to ask whether the right was clearly established." *Id.*

The allegations do not establish a constitutional violation by Milligan or Mercado. First, the allegations are too vague to satisfy the heightened pleading requirements necessary for Section 1983 claims against individuals. *Battle*, 559 F.3d at 1179; *Oladeinde,* 963 F.2d at 1485. Further, merely being present at an arrest or threatening possible outcomes for future conduct does not establish conduct in violation of Section 1983. As discussed above, signing an arrest affidavit, without more, does not violate Section 1983. The statements made must not only be false, the must constitute "a deliberate or reckless act on the part of the officer." *Kingsland*, 382 F.3d at 1233. There are no allegations against either Milligan or Mercado that could establish a constitutional violation. Accordingly, both are entitled to qualified immunity under the first part of the test.

Even if the allegations somehow constituted a constitutional violation, there is no clearly established law prohibiting any of the alleged conduct by Milligan and Mercado. In Milligan's case, the Plaintiffs have not even alleged what he is supposed to have done. As to Mercado,

7

there is no clearly established law prohibiting one officer from signing an arrest affidavit that contains the facts known to an entire team of officers. All Mercado is accused of doing is signing an arrest affidavit without having witnessed every event. That, by itself, does not render the arrest affidavit recklessly false or even perjurious. *Kingsland*, 382 F.3d at 1233; *Kelly* 21 F.3d at 1554. No case in the 11th Circuit nor from the United States Supreme Court has clearly held otherwise such that Mercado should have been on notice that his actions were constitutional violations.

### IV. Ida Coipel Has Not Stated A Cause Of Action in Count IX Against Milligan and Mercado.

Count IX purports to state a Section 1983 claim against Mercado and Milligan in favor of Mrs. Coipel, but as Officer Crocker's and Sgt. Carpenter's motions to dismiss articulate, there is no allegation that any of <u>her</u> constitutional rights were violated. D.E. 29 at ¶3; D.E. 35 at ¶3. She appears to be commingling a tort claim for loss of consortium with a §1983 claim, which is not permitted by law. In any case, both Milligan and Mercado are entitled to qualified immunity against these claims.

#### A. Because Ida Coipel's Claim Is Derivative, Her Attempt To Assert Liability Fails With Fernando Coipel's Claims.

As an initial, dispositive matter, Mrs. Coipel cannot recover for either a Section 1983 claim or a tort claim if Mr. Coipel is unable to state a claim against Milligan and Mercado. I*n re Engle Cases*, 767 F.3d 1082, 1087 (11th Cir. 2014) ("under Florida law, a loss of consortium claim is derivative in nature and wholly dependent on the injured party's ability to recover. . . ." (*quoting Faulkner v. Allstate Ins. Co.*, 367 So.2d 214, 217 (Fla.1979)). As discussed above, neither Milligan nor Mercado are alleged to have done anything that will support a § 1983 action against them. And even if, arguendo, the allegations do rise to the level required to state a claim,

Milligan and Mercado are entitled to qualified immunity. Count IX should be dismissed accordingly.

### B. Ida Coipel Cannot Assert A Section 1983 Claim Against Milligan And Mercado Without Any Allegation That Her Federal Rights Were Violated.

Mrs. Coipel, moreover, has not alleged an independent action under Section 1983. Section 1983 only imposes liability for conduct that deprives a plaintiff of a right secured by the United States Constitution or federal law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998), as amended (May 28, 1998) ("To prevail on a claim under § 1983, a plaintiff must demonstrate both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law."). Mrs. Coipel seeks to assert a derivative state law tort claim in this action, not an individual violation of a federal right.[3]

In her Response in Opposition To Defendant [Carpenter's] Motion to Dismiss Complaint ("Response"), Mrs. Coipel suggests that she has some individual liberty interest under the Due Process Clause of the United States Constitution. (D.E. 37 at p. 7). There is no allegation in the Compliant, however, which demonstrates that Count IX states a claim under Section 1983. And even if there were such an allegation, there are no facts pled against Milligan or Mercado that suggest either officer is responsible for the injuries to Mr. Coipel. As a result, the Count IX should be dismissed with respect to any Section 1983 claim.

### C. Ida Coipel Has Alleged No Facts Supporting Loss Of Consortium.

Although a state law tort claim, such as loss of consortium, could be asserted with a Section 1983 claim, Mrs. Coipel has failed to state that claim in Count IX. "The elements of such a claim are the loss of the companionship and fellowship of husband and wife and the right

---

[3] See also D.E. 37 at p.4

WEISS SEROTA HELFMAN COLE & BIERMAN

of each to the company, cooperation and aid of the other in every conjugal relation." *Wills v. Snapper Creek Nursing Home, Inc.*, 465 So. 2d 562, 563-64 (Fla. 3d DCA 1985). Although Count IX recites these elements, there are no factual allegations within the Complaint to support them. Such a conclusory statement cannot survive a motion to dismiss. *Amato*, 56 F. Supp. 3d at 1333-34.

Although some 11th Circuit decisions have held that it is not necessary to allege a specific fact to cover every element or allege with precision each element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Based upon the Plaintiff's Response in Opposition To Defendant's Motion to Dismiss Complaint (D.E. 37), it appears that the Plaintiff asks the Court and parties to infer that Mr. Coipel's bloody eye, which was a pre-existing condition (D.E. 17 at ¶17), somehow led to a permanent disability. The Plaintiffs have not alleged, however, any aggravation of that pre-existing condition such that Mrs. Coipel's relationship with her husband after the incident changed in some material way. Based on the allegations, it can also be inferred that there was no change to the relationship.

Accordingly, even under *Roe* the Plaintiff has not pled sufficient facts to support a claim against Milligan or Mercado for loss of consortium.

### V.     Milligan And Mercado Are Entitled To Qualified Immunity As To Count IX.

Even if Mrs. Coipel could amend her complaint and attempt to state sufficient facts supporting a loss of consortium, Milligan and Mercado are entitled to qualified immunity as to such a claim. There are no cases in the 11th Circuit imposing liability upon police officers for loss of consortium damages as a result of a deprivation of rights established by the Constitution

WEISS SEROTA HELFMAN COLE & BIERMAN

or federal law.  Accordingly, neither Milligan nor Mercado could have understood that anything they did subjected them to liability for a state tort.  *See, Hope v. Pelzer*, 536 U.S. 730, 739 (2002) ("For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.").

The Plaintiff's Response supports this conclusion by identifying a split among multiple circuits regarding whether a claim for loss of consortium is valid under Section 1983.  (D.E. 37 at pp. 6-7).  For this reason, as well, the Court should find that Milligan and Mercado are entitled to qualified immunity and dismiss Count IX against them.

## CONCLUSION

Based upon the allegations in the complaint, Officers Milligan and Mercado are not liable as a matter of law for any federal rights violations under Section 1983.  Milligan is not alleged to have done anything at all.  And nothing that Mercado is alleged to have done constitutes a violation of a Constitutional right or federal law.  Count I should be dismissed accordingly.

For the same reasons, Count IX, asserting a claim by Mrs. Coipel, should be dismissed.  She cannot have a claim for federal rights violations under Section 1983 because she never alleges any violation of her rights.  To the extent she has attempted to assert a derivative loss of consortium claim, that fails as well.  Milligan and Mercado did not violate and federal rights in favor of her husband and, even if they had, Mrs. Coipel never articulates how that affected her marriage.

WHEREFORE, Milligan and Mercado respectfully request that the Court enter an order dismissing Counts I and IX of the Complaint together with such other and further relief as the Court deems just and equitable.

WEISS SEROTA HELFMAN COLE & BIERMAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

        Respectfully submitted,

        WEISS SEROTA HELFMAN
        COLE & BIERMAN, P.L.
        *Attorneys for Roshan Milligan and Angel Mercado*
        2525 Ponce de Leon Blvd., STE 700
        Coral Gables, FL 33134
        Tel: 305-854-0800
        Fax: 305-854-2323

        By: /s/ *Eric P. Hockman*

            JOSEPH H. SEROTA
            Florida Bar No. 259111
            jserota@wsh-law.com
            lmartinez@wsh-law.com

            ERIC P. HOCKMAN
            Florida Bar No. 64879
            Primary: ehockman@wsh-law.com
            Secondary: szavala@wsh-law.com

**SERVICE LIST**

| | |
|---|---|
| **Oscar E. Marrero, Esq.**<br>**Lourdes E. Wydler, Esq.**<br>**Alexandra C. Hayes, Esq.**<br>MARRERO & WYDLER<br>Douglas Centre, Ph-4<br>2600 Douglas Road<br>Coral Gables, FL 33134<br>oem@marrerolegal.com<br>lew@marrerolegal.com<br>ach@marrerolegal.com<br><br>*Counsel for Defendant Crocker*<br><br>**Douglas A. Harrison, Esq.**<br>MIAMI CITY ATTORNEY'S OFFICE<br>444 S.W. 2nd Avenue, Suite 945<br>Miami, FL 33130<br>daharrison@miamigov.com<br><br>*Counsel for Defendant City of Miami* | **Franchesca Marrero-Rodriguez, Esq.**<br>J.P. GONZALEZ-SIRGO, P.A.<br>804 Douglas Road, Suite 373<br>Coral Gables, FL 33134<br>franchesca@yourattorneys.com<br><br>*Counsel for Plaintiff* |